Bowman vs. Curd.

CASE 11—PETITION ORDINARY—OCTOBER 4.

# Bowman vs. Curd.

APPEAL FROM CALLOWAY CIRCUIT COURT.

On the 5th of April, 1860, B transferred to C a note on W for one thousand dollars, due the 10th February, 1862, and bound himself to pay C one thousand dollars with interest, on ten days' notice, if W did not meet the note when due. On the 10th of November, 1865, C gave notice to B that W had not paid the note, and ten days thereafter instituted suit against B, who resisted judgment, on the grounds that payment had not been demanded of W. and the long delay in giving notice of his failure to pay. *Held*—No demand of W was necessary; but as C had delayed an unreasonably long time after the note fell due to notify B of its non-payment, B was released from liability on the contract of assignment.

W. J. STUBBLEFIELD,                                   For Appellant,
                              CITED—
   16 *B. Mon.*, 318; *Weston vs. Pollard*.

WORTHINGTON & JOYES,                              For Appellees,
                              CITED—
   15 *Ben. Mon.*, 443; *Smith vs. Tab.*
   4 *J. J. M.*, 276; *Yanky vs. Lockhart.*
   3 *B. Mon.*, 67; *Oldham vs. Turner.*
   6 *B. M.*, 529; *Metcalf vs. Pilcher.*
   7 *B. M.*, 548; *Pilcher vs. Banks.*
   14 *B. M.*, 351; *Ward vs. N. Bk. Ky.*
   1 *Duvall*, 13; *Browning vs. Fountain.*
   *Edwards on Bills and Promissory Notes*, 353–4, and
      notes 3 and 1.
   2 *Parsons on Notes and Bills*, 428–9–30, and notes.
   3 *Parson's Contracts*, 5th ed., 146.

*Hardin*, 178; *Tardivean vs. Smith.*
1 *Marshall*, 530; *Heytle vs. Logan.*
3 *J. J. M.*, 84; *Talbot vs. Warfield.*
1 *B. and Ad.*, 603; *Smith vs. Algar.*

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

On the 20th of November, 1865, the appellee, *Curd,* sued the appellant, Bowman, on the following assignment: " I have this day, April the 5th, 1860, assigned for value received to *Charles Curd* a note on *Milton Wells* for one thousand dollars, executed to me February 10th, 1860, bearing interest from date, due February 10th, 1862, it being the second and last payment for southeast quarter of section six, township four, range one east, lying in Graves county, Kentucky. Now, I bind myself to pay said *Charles Curd* one thousand dollars, with the interest thereon, if said *Wells* does not meet the note when due. I am to take in the note by making the above payment, having ten days so to do.              N. Bowman."

The petition avers non-payment by *Wells,* and notice thereof to the appellant ten days *immediately* preceding the institution of this suit.

The answer resists judgment principally on the ground that payment was never demanded of *Wells,* and the long delay in giving notice of his failure to pay.

On this issue the circuit court gave judgment against the appellant for one thousand dollars, and legal interest thereon from the date of the assignment; and this we adjudge to be erroneous.

According to our construction of the contract, no demand of *Wells* was necessary. It was his duty to go to the payee, and, if he had no notice of the assignment, he might have obtained it by offering payment to the assignor. This, we think, is the constructive import of

the stipulation, that " if said Wells does not meet the note when due, I am to take in the note," &c.

But we also interpret the contract as intending that, if *Wells* should fail to " meet the note when due," the assignee should notify the assignor thereof without unreasonable delay.

After the alleged failure nearly four years had elapsed before the appellant was notified of it. This was unreasonable delay, whereby the appellant may be presumed to have been deceived and deprived of the right to collect the debt himself in the meantime ; and the appellee may be presumed to have elected to indulge *Wells* for a debt bearing interest and so well secured, and not to look to the appellant indefinitely for payment. According to the spirit of the contract, it was *functus officio* when the notice was given, and the notice was therefore unavailing to revive an obligation then expired or waived.

Wherefore (JUDGE WILLIAMS not sitting), the judgment is reversed, and the cause remanded, with instructions to dismiss the appellee's petition.